**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| CHEZAREA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 3:15-cv-01247** |
| | ) | |
| JANSSEN RESEARCH & DEVELOPMENT, | ) | **JURY TRIAL DEMANDED** |
| LLC, f/k/a/ JOHNSON AND JOHNSON | ) | |
| PHARMACEUTICAL RESEARCH AND | ) | |
| DEVELOPMENT, LLC; JANSSEN ORTHO, | ) | |
| LLC; JANSSEN PHARMACEUTICALS, INC., | ) | |
| f/k/a/ JANSSEN PHARMACEUTICA, INC., | ) | |
| f/k/a ORTHO-McNEIL-JANSSEN | ) | |
| PHARMACEUTICALS, INC.; BAYER | ) | |
| HEALTHCARE PHARMACEUTICALS, INC.; | ) | |
| BAYER PHARMA AG; BAYER | ) | |
| CORPORATION; BAYER HEALTHCARE, LLC; | ) | |
| BAYER HEALTHCARE AG; and BAYER AG, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants Bayer Corporation, Bayer HealthCare LLC, Bayer HealthCare Pharmaceuticals Inc., Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC, (collectively "Removing Defendants"), pursuant to 28 U.S.C. §§ 1441 and 1446, file this Notice of Removal of this action from the Circuit Court of St. Clair County, Illinois, where it is currently pending, to the United States District Court for the Southern District of Illinois, East St. Louis Division.   As addressed below, this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a) because the parties are completely diverse and it is plain from the face of the complaint that the plaintiff demands more than $75,000 for alleged "permanent and lasting injuries."  In support of this removal, Removing Defendants state as follows:

## INTRODUCTION

1.      Plaintiff Chezarea Jones ("Plaintiff") initiated this action on October 13, 2015, by filing a complaint in the Circuit Court of St. Clair County, Illinois against Janssen Research & Development LLC, Janssen Ortho LLC, Janssen Pharmaceuticals, Inc., Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, Bayer Corporation, Bayer HealthCare LLC, Bayer HealthCare AG, and Bayer AG.  The state court action is Cause No. 15-L-581.  Copies of all pleadings, processes, and orders in the state-court action are attached hereto as Exhibit A.  The complaint alleges that Plaintiff experienced "serious and dangerous side effects," including "life-threatening bleeding," that led to "permanent and lasting" "severe and personal injuries" due to ingestion of the prescription medication Xarelto®.  Complaint ¶ 57 (included in Exhibit A).  Removing Defendants deny Plaintiff's allegations.

2.      This is one of many product liability lawsuits filed in federal and state courts around the country concerning Xarelto, a medication used to prevent blood clots, treat deep vein thrombosis and pulmonary embolism, and in patients recovering from knee or hip replacement surgery.  On December 12, 2014, the Judicial Panel on Multidistrict Litigation concluded that centralization in a single federal-court forum was appropriate for these claims and issued an Order establishing MDL Proceeding No. 2592, captioned *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, in the Eastern District of Louisiana ("the MDL").  The MDL is for federal actions involving "allegations that plaintiffs suffered severe bleeding or other injuries as a result of taking Xarelto."  JPML Transfer Order at 3 (attached as Exhibit B).  Removing Defendants will seek the inclusion of this action in the MDL.

## GROUNDS FOR REMOVAL

3.     This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1).  There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.     There Is Complete Diversity of Citizenship Between the Parties.**

4.     At the time Plaintiff commenced this action, and at all times since, Plaintiff was and is a resident and citizen of Colorado.  *See* Complaint ¶ 2.

5.     At the time Plaintiff commenced this civil action, and at all times since, Defendant Janssen Research & Development, LLC was and is a limited liability company whose sole member is (and was when the Complaint was filed) Centocor Research & Development, Inc., a Pennsylvania Corporation with its principal place of business in Pennsylvania. Accordingly, Janssen Research & Development, LLC is a citizen of Pennsylvania for the purposes of diversity jurisdiction.  *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (holding that the citizenship of a limited liability company is determined by the citizenship of its members).

6.     At the time Plaintiff commenced this civil action, and at all times since, Defendant Janssen Ortho, LLC was and is a limited liability company whose sole member is (and was when the Complaint was filed) OMJ PR Holdings, a corporation incorporated in Ireland with a principal place of business in Puerto Rico. Accordingly, Janssen Ortho, LLC is a citizen of Ireland and Puerto Rico for the purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(e) (the word "States" as used in § 1332 includes the Commonwealth of Puerto Rico); *see also Cosgrove*, 150 F.3d at 731; *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 10 F.3d 425,

428 (7th Cir 1993) (jurisdiction lies where the suit is between "citizens of a State and citizens or subjects of a foreign state" (citing 28 U.S.C. § 1332(a)(2))).

7.     At the time Plaintiff commenced this civil action, and at all times since, Defendant Janssen Pharmaceuticals, Inc. was and is a Pennsylvania corporation with its principal place of business in New Jersey.   As such, Janssen Pharmaceuticals, Inc. is a citizen of Pennsylvania and New Jersey for the purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c) (for the purposes of determining citizenship, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

8.     At the time Plaintiff commenced this civil action, and at all times since, Defendant Bayer HealthCare Pharmaceuticals Inc. was and is a Delaware corporation with its principal place of business in New Jersey.  Accordingly, Bayer HealthCare Pharmaceuticals Inc. is, and was when the Complaint was filed, a citizen of Delaware and New Jersey for the purposes of diversity jurisdiction.  *See id.*

9.     At the time Plaintiff commenced this civil action, and at all times since, Defendant Bayer Pharma AG was and is a foreign corporation with its principal place of business in Germany.  As such, for the purposes of diversity jurisdiction, Bayer Pharma AG is a citizen of a foreign state.  *See* 28 U.S.C. § 1332(a)(3).

10.     At the time Plaintiff commenced this civil action, and at all times since, Defendant Bayer Corporation was and is an Indiana corporation with its principal place of business in Pennsylvania.  Accordingly, Bayer Corporation is, and was when the Complaint was filed, a citizen of Indiana and Pennsylvania for the purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c).

11.  At the time Plaintiff commenced this civil action, and at all times since, Defendant Bayer HealthCare LLC was a limited liability company whose members are Bayer Medical Care Inc., NippoNex Inc., Bayer West Coast Corporation, Bayer Essure Inc., Bayer Consumer Care Holdings LLC, Dr. Scholl's LLC, Coppertone LLC, MiraLAX LLC, and Bayer HealthCare US Funding LLC.  The citizenship of each of the members of Defendant Bayer HealthCare LLC for purposes of determining diversity of citizenship is as follows:

a)  Bayer Medical Care Inc. is a Delaware corporation with its principal place of business in Pennsylvania and, therefore, is a citizen of Delaware and Pennsylvania for purposes of determining diversity of citizenship.

b)  NippoNex Inc. is a Delaware corporation with it principal place of business in New York and, therefore, is a citizen of Delaware and New York for purposes of determining diversity of citizenship.

c)  Bayer West Coast Corporation is a Delaware corporation with its principal place of business in California and, therefore, is a citizen of Delaware and California for purposes of determining diversity of citizenship.

d)  Bayer Essure Inc. is a Delaware corporation with its principal place of business in California and, therefore, is a citizen of Delaware and California for purposes of determining diversity of citizenship.

e)  Bayer Consumer Care Holdings LLC is a limited liability company, the sole member of which is Bayer East Coast LLC, whose sole member is Bayer US Holding LP, a limited partnership in which Bayer World Investments B.V. is the sole General Partner and Bayer Solution B.V. is the sole Limited Partner.  Both Bayer World Investments B.V. and Bayer Solutions B.V. are Netherlands corporations with their principal places of business in the Netherlands.  Bayer Consumer Care Holdings LLC is, therefore, a citizen of the Netherlands for purposes of determining diversity of citizenship.

f)  Dr. Scholl's LLC is a limited liability company, the sole member of which is Bayer Consumer Care Holdings LLC.  Because Bayer Consumer Care Holdings LLC is a citizen of the Netherlands for purposes of determining diversity of citizenship, Dr. Scholl's LLC is also a citizen of the Netherlands for purposes of determining diversity of citizenship.

g)  Coppertone LLC is a limited liability company, the sole member of which is Bayer Consumer Care Holdings LLC.  Because Bayer Consumer Care Holdings LLC is a citizen of the Netherlands for purposes of determining diversity of

citizenship, Coppertone LLC is also a citizen of the Netherlands for purposes of determining diversity of citizenship.

h)  MiraLAX LLC is a limited liability company, the sole member of which is Bayer Consumer Care Holdings LLC.  Because Bayer Consumer Care Holdings LLC is a citizen of the Netherlands for purposes of determining diversity of citizenship, MiraLAX LLC is also a citizen of the Netherlands for purposes of determining diversity of citizenship.

i)  Bayer HealthCare US Funding LLC is a limited liability company, the sole member of which is Bayer AG.  Because Bayer AG is a German corporation with its principal place of business in Germany, Bayer HealthCare US Funding LLC is a citizen of Germany for purposes of determining diversity of citizenship.

Therefore, because the members of Bayer HealthCare LLC are citizens of California, Delaware, New York, Pennsylvania, Germany and the Netherlands for purposes of determining diversity of citizenship, Bayer HealthCare LLC is also a citizen of California, Delaware, New York, Pennsylvania, Germany and the Netherlands for purposes of determining diversity of citizenship. *See Zambelli Fireworks Mfg. Co., Inc.*, 592 F.3d at 420.

12.    At the time Plaintiff commenced this civil action, and at all times since, Defendant Bayer HealthCare AG was and is a foreign corporation with its principal place of business in Germany.  As such, for the purposes of diversity jurisdiction, Bayer HealthCare AG is a citizen of a foreign state.  *See* 28 U.S.C. § 1332(a)(3).

13.    At the time Plaintiff commenced this civil action, and at all times since, Defendant Bayer AG was and is a foreign corporation with its principal place of business in Germany.  As such, for the purposes of diversity jurisdiction, Bayer AG is a citizen of a foreign state.  *See* 28 U.S.C. § 1332(a)(3).

14.    Accordingly, this action involves "citizens of different States."   28 U.S.C. § 1332(a)(1).  Plaintiff is a Colorado citizen, and all of Defendants are citizens of states other than Colorado.  Further, because none of the Defendants properly joined and served is a citizen of the State of Illinois, removal of this action is proper under 28 U.S.C. § 1441(b).

**B.      The Amount-In-Controversy Requirement Is Satisfied.**

15.      The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because, "by the preponderance of the evidence," it is clear from the face of Plaintiff's complaint "that the amount in controversy exceeds [$75,000]."  28 U.S.C. § 1446(c)(2)(B); *see also id.* § 1332(a).

16.      Plaintiff alleges that Plaintiff's ingestion of Xarelto resulted in "serious and dangerous side effects," including "life-threatening bleeding," and caused Plaintiff "severe and personal injuries which are permanent and lasting in nature."  Complaint ¶ 57.

17.      Plaintiff asserts 90 counts against Defendants, including strict product liability, negligence, and breach of express and implied warranties.  In each of those 90 counts, Plaintiff demands judgement "in excess of $50,000, for costs herein incurred, for attorneys fees, and for such other and further relief as the Court deems just and proper."  *Id.* (Wherefore Clauses, Counts 1–90).

18.      Moreover, given the nature of Plaintiff's alleged "permanent and lasting" injuries, it is clear that the requirements for federal diversity jurisdiction are met.  When analyzing whether the amount in controversy satisfies the requisite jurisdictional requirement, the court must look to the "amount required to satisfy the plaintiff's demands in full . . . on the day the suit [is] removed."  *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-511 (7th Cir. 2006).  Where a plaintiff "provides little information about the value of [his] claims," a "good-faith estimate of the stakes is acceptable" to determine the amount-in-controversy.  *Id.* at 511; *see also* 28 U.S.C. § 1446(c)(2)(A) (providing that the notice of removal "may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded).

19.     Courts in this District have concluded that diversity jurisdiction lies where complaints allege "permanent and lasting" "personal injuries" similar to those alleged by Plaintiff here.  *Walton v. Bayer*, 692 F. Supp. 2d 1025, 1039 (S.D. Ill. 2010) (part of *In re Yasmin & Yaz*, MDL No. 2100); *see also, e.g.*, *Hulsey v. North Pointe Ins. Co.*, No. 12-cv-232-JPG-PMD, 2012 WL 4849967 (S.D. Ill. Oct. 11, 2012); *Presnell v. Cottrell*, No. 09-cv-656-JPG, 2009 WL 4923808 (S.D. Ill. Dec. 14, 2009).  Like here, the plaintiff in *Walton* alleged "severe and personal injuries" that were "permanent and lasting in nature," as well as "physical pain and mental anguish."  *Walton*, 692 F. Supp. 2d at 1039.   She likewise alleged that she had incurred "medical, health, incidental, and related expenses."  *Id.*  Moreover, like here, the plaintiff repeatedly claimed damages "in excess of $50,000" for each count in Plaintiff's complaint.  *See id.*; *see also Walton* Complaint (attached hereto as Exhibit C).  In denying the plaintiff's motion to remand, Judge Herndon concluded that "[g]iven the severe and ongoing nature of the injuries alleged, the Court finds that it is plausible and supported by the evidence that the amount in controversy has been established."  *Walton*, 692 F. Supp. 2d at 1040.

20.     Although Removing Defendants deny Plaintiff's allegations and deny that they are liable to Plaintiff for any alleged injuries, Plaintiff's allegations here of "severe" and "permanent" injuries plainly place more than $75,000 in controversy.  Complaint ¶ 57.  Plaintiff alleges that Plaintiff's ingestion of Xarelto caused "life-threatening bleeding" and "permanent and lasting" injuries.  *Id.*  These allegations are virtually identical to the plaintiff's allegations in *Walton*, which led Judge Herndon to conclude that "it is plausible and supported by the preponderance of the evidence that the amount in controversy has been established."  *Walton*, 692 F. Supp. 2d at 1040; *see also McCoy by Webb v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("[C]ourts have routinely held that when plaintiffs allege serious,

permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount.").

21.     Moreover, Illinois juries in product-liability cases routinely render verdicts in excess of $75,000, exclusive of interest and costs.  *See, e.g.*, *Hansen v. Baxter Healthcare Corp.*, 198 Ill.2d 420, 439 (Ill. 2002) (upholding intermediate appellate court's reduction of $18,047,000 jury award in medical-device case to $15,167,000 to account for pretrial settlement with non-manufacturer defendant); *Tietz v. Abbott Laboratories*, No. 12-L-002715 (Ill. Cir. Ct. May 9, 2013) (jury awarded $2,244,063.20 to plaintiff in pharmaceutical product liability case).

22.     Plaintiff alleges serious and permanent injuries, courts in this District have found that similar allegations satisfy the amount-in-controversy requirement by a preponderance of the evidence, and Illinois juries routinely return verdicts far in excess of the jurisdictional minimum. As such, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1446(c)(2).

**C.     The Other Prerequisites for Removal Have Been Satisfied.**

23.     In addition to satisfying the requirements of diversity jurisdiction, Removing Defendants have satisfied all other requirements for removal.

24.     Removal is timely because less than 30 days have passed since service of the Summons and Complaint on Removing Defendants.  *See* Returns of Service, (included in Exhibit A).  Bayer Corporation, Bayer HealthCare LLC, and Bayer HealthCare Pharmaceuticals Inc. were all served on October 14, 2015. Janssen Ortho LLC was served on October 14, 2015. Janssen Research & Development, LLC was served on October 20, 2015.   Janssen Pharmaceuticals, Inc. was served on October 23, 2015.  *See* Returns of Service, (included in

Exhibit A). Upon information and belief, Bayer AG, Bayer Pharma AG and Bayer Healthcare AG have not yet been served.

25.     In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the state court action is attached hereto collectively as Exhibit A.

26.     The Removing Defendants have jointly filed this Notice of Removal, and consent from the remaining unserved defendants is not required.  *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993), *overruled on other grounds by Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); 28 U.S.C. § 1446(b)(2)(A).

27.     Venue for removal is proper in this District and division, *see* 28 U.S.C. § 1441(a)(2), because this District and division embrace the Circuit Court of St. Clair County, Illinois, the forum in which the removed action was pending, *see* 28 U.S.C. § 93(c).

28.     In accordance with 28 U.S.C. § 1446(d), Removing Defendants will promptly provide written notice of the filing of this Notice of Removal to the Plaintiff and shall file a copy of this Notice along with a Notice of Filing Notice of Removal with the Clerk of the Circuit Court of St. Clair County, Illinois, where this action is currently pending.

WHEREFORE, Removing Defendants give notice that the matter bearing Cause No. 15-L-581 in the Circuit Court of St. Clair County, Illinois, is removed to the United States District Court for the Southern District of Illinois, East St. Louis Division, and requests that this Court retain jurisdiction for all further proceedings in this matter.

Dated:  November 10, 2015                    Respectfully submitted,

/s/ Terry Lueckenhoff
Terry Lueckenhoff #27810MO
John E. Galvin #6205935
Fox Galvin, LLC
One Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
(314) 588-1965
tlueckenhoff@foxgalvin.com
jgalvin@foxgalvin.com

Attorneys for Defendants Bayer Corporation,
Bayer HealthCare LLC, and Bayer HealthCare
Pharmaceuticals Inc.


/s/ Terry Lueckenhoff
Terry Lueckenhoff #27810MO
John E. Galvin #6205935
Fox Galvin, LLC
One Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
(314) 588-1965
tlueckenhoff@foxgalvin.com
jgalvin@foxgalvin.com

Attorneys for Defendants
Janssen Pharmaceuticals, Inc.
Janssen Research & Development, LLC, and
Janssen Ortho LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 10, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record and sent via U.S. Mail, postage prepaid, to:

John J. Driscoll
Christopher J. Quinn
The Driscoll Firm, P.C.
211 North Broadway, Suite 4050
St. Louis, MO 63012


*/s/ Terry Lueckenhoff*